UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NOELLE E.; and H.E.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPLETE THE PRELITIGATION APPEAL RECORD (DOC. NO. 20)**<br><br>Case No. 2:23-cv-00686<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

H.E. and his mother, Noelle E., brought this action alleging Cigna Health and Life Insurance Company violated the Employee Retirement Income Security Act of 1974[1] ("ERISA") by denying insurance coverage for certain medical care H.E. received.[2]  Plaintiffs have moved to complete the administrative record, seeking to include an appeal letter and exhibits they filed in connection with an external review of Cigna's benefits denial.[3]  Cigna opposes Plaintiffs' motion, arguing the documents do not belong in the administrative record because Cigna itself did not review them during

---

[1] 29 U.S.C. §§ 1001 et seq.

[2] (*See* Compl. ¶¶ 49–56, Doc. No. 1.)  Plaintiffs also bring related claims under the Mental Health Parity and Addiction Equity Act of 2008.  (*See id.* ¶¶ 57–76); 29 U.S.C. §§ 1185a, 1132.

[3] (Mot. to Complete the Prelitigation Appeal R. ("Mot."), Doc. No. 20.)

1

the administrative claim process.[4]  Plaintiffs' motion is granted.  The disputed documents are properly a part of the administrative record.

## BACKGROUND

After Cigna initially denied coverage for H.E.'s care, Plaintiffs appealed the denial through Cigna's internal appeals process.[5]  Cigna upheld its denial, and Plaintiffs appealed to an external reviewer—as permitted by the insurance plan.[6]  For the external appeal, Plaintiffs submitted an "appeal letter" and several exhibits—again, as permitted by the plan.[7]  Plaintiffs did not submit these documents directly to Cigna.[8]  The external reviewer partially overturned Cigna's decision, finding coverage warranted for some of the care at issue.[9]  Pursuant to the insurance plan, the external reviewer's

---

[4] (*See* Def.'s Opp'n to Pls.' Mot. to Complete the Admin. R. ("Opp'n"), Doc. No. 25.)

[5] (*See* Compl. ¶¶ 26–36, Doc. No. 1.)

[6] (*See id.* ¶¶ 37–38; *see* Ex. 1 to Mot., "Plan" 96, Doc. No. 20-1 ("You have four (4) months from receipt of a final adverse determination or from receipt of a waiver of the internal Appeal process to file a written request for an external Appeal.").)

[7] (*See* Mot. 5, Doc. No. 20; *see* Plan 96, Doc. No. 20-1 ("You can submit additional documentation with your external Appeal request.").)

[8] (*See* Opp'n 3, Doc. No. 25.)

[9] (*See* Compl. ¶ 44, Doc. No. 1.)  The grounds for the external reviewer's decision are irrelevant to the instant motion.

decision was binding on both Plaintiffs and Cigna.[10]  Plaintiffs then filed this action, seeking full coverage for the care.[11]

As required under the scheduling order in this case, Cigna produced a proposed administrative record to Plaintiffs.[12]  Cigna's proposed record includes "documents requesting the external review, a letter indicating that the external review had been assigned, and the determination letter from the external reviewer."[13]  But the proposed record does not include the appeal letter or exhibits Plaintiffs submitted to the external reviewer.[14]  Plaintiffs argue the appeal letter and exhibits should be part of the record, where they were generated and submitted during the claim process as outlined by the plan.[15]  Plaintiffs also contend the documents provide necessary context for judicial review of Cigna's decision.[16]  In response, Cigna argues the documents should not be in the administrative record because Cigna never received or reviewed them.[17]

---

[10] (*See* Plan 97, Doc. No. 20-1 ("The External Appeal Agent's decision is binding on both you and us.").)

[11] (*See* Compl. ¶¶ 49–76, Doc. No. 1.)

[12] (*See* Mot. 2, Doc. No. 20.)

[13] (*Id.* at 4.)

[14] (*See id.*)

[15] (*See id.*; *see also* Pls.' Reply in Supp. of Their Mot. for Order to Complete the Prelitigation Appeal R. ("Reply"), Doc. No. 29 at 3–5.)

[16] (*See* Mot. 4, Doc. No. 20.)

[17] (*See* Opp'n 3, Doc. No. 25 (arguing "the Administrative Record is comprised of documents before the claim administrator at the time of its final benefit determination,

## LEGAL STANDARDS

Under ERISA, the administrative record consists of "the materials compiled by the administrator in the course of making his decision."[18] Per ERISA's regulations, the claim administrator must compile relevant documents, which includes documents "submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination."[19] After the administrative record has been established, judicial review is generally limited to the record (with some exceptions not relevant here).

## ANALYSIS

Cigna essentially argues documents cannot be in the administrative record unless the plan administrator actually relies on them in making the benefits decision.[20] This is incorrect. While the administrative record consists of "the materials compiled by the administrator in the course of making his decision,"[21] ERISA requires plan

---

not documents that were never sent to the claim administrator or ever in the claim administrator's possession.").)

[18] *Hall v. UNUM Life Ins. Co.*, 300 F.3d 1197, 1201 (10th Cir. 2002).

[19] *See* 29 C.F.R. § 2560.503-1(m)(8)(ii).

[20] (*See* Opp'n 4, Doc. No. 25 (arguing the disputed documents are not "part of the Administrative Record because they were never reviewed or compiled by Cigna during its administrative review process").)

[21] *Hall*, 300 F.3d at 1201.

administrators to compile "relevant" documents for the administrative record.[22] And a document is relevant if "submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination."[23] Where the plan expressly permitted Plaintiffs to "submit additional documentation" with their external appeal,[24] the appeal letter and exhibits were submitted and generated in the course of the benefit determination.[25] Indeed, a review of ERISA cases shows courts regularly reference external appeal filings as part of the administrative record[26]—and Cigna does

---

[22] *See* 29 C.F.R. § 2560.503-1(j)(3).

[23] 29 C.F.R. § 2560.503-1(m)(8)(ii); *see also Crawford v. Guar. State Bank & Tr. Co.*, No. 22-2542, 2024 U.S. Dist. LEXIS 93312, at *12–13 (D. Kan. May 23, 2024) (unpublished) (noting, in assessing the scope of the administrative record, that "ERISA regulations provide that a document is 'relevant'" if it was "submitted, considered, or generated in the course of making the benefit determination," without regard to whether it was "relied upon in making the benefit determination" (citing 29 C.F.R. § 2560.503-1(m)(8))); *Walker v. AT&T Ben. Plan No. 3*, 338 F.R.D. 658, 661 (C.D. Cal. 2021) (noting that a document is relevant and part of the administrative record if it was "submitted, considered, or generated in the course of making the benefit determination, *without regard to whether such document, record, or other information was relied upon in making the benefit determination*" (emphasis in original) (citing 29 C.F.R. § 2560.503-1(m)(8))).

[24] (Plan 96, Doc. No. 20-1.)

[25] *See* 29 C.F.R. § 2560.503-1(m)(8)(ii).

[26] *See, e.g., Tracy O. v. Anthem Blue Cross Life & Health Ins.*, 807 F. App'x 845, 849 (10th Cir. 2020) (unpublished) ("In their letter to the [external reviewer], [the claimants] argued that [the insurer] failed to meaningfully engage with their evidence and arguments."); *S.M. v. United Healthcare Oxford*, No. 2:22-cv-00262, 2024 U.S. Dist. LEXIS 158498, at *12 (D. Utah July 26, 2024) (unpublished) ("S.M. appealed the decision to an external agency [], arguing that [the provider] was not providing experimental or unproven treatment to L.M." (citing "R. 3037")); *C.P. v. United*

not explain why this case should depart from the norm.[27]  In sum, even if Cigna did not actually rely on these documents, ERISA requires Cigna to include the documents in the administrative record.

Independent of this, the documents are properly a part of the administrative record because the external review was binding on Cigna.  The Eleventh Circuit addressed this issue in *Alexandra H. v. Oxford Health Insurance Inc.*[28]  In *Alexandra*, the claimant appealed a medical insurance benefits denial through an external process provided by her insurance plan.[29]  After the external reviewer affirmed the insurer's decision, the claimant filed suit under ERISA, challenging the insurer's denial of

---

*Healthcare Ins. Co.*, 679 F. Supp. 3d 1184, 1189 (D. Utah 2023) ("Plaintiff again expressly informed the external reviewer that [the treatment facility] was a licensed residential treatment center and provided proof of the same (citing "A.R. 10500-02")).

[27] Cigna argues Plaintiffs mistakenly rely on several cases where courts "reviewed the independent external review reports because they were part of the Administrative Record (*i.e.*, submitted to the claim administrator during the administrative review process)." (*See* Opp'n 4–5, Doc. No. 25 (citing Mot. 5, Doc. No. 20).)  But Cigna's argument is unsupported by the opinions—none of the cases Plaintiffs cited indicate the external review was submitted to the insurer.  *See D.K. v. United Behavioral Health*, 67 F.4th 1224, 1235 (10th Cir. 2023) (discussing external review without indicating whether the review was submitted to the insurer); *David P. v. United Healthcare Ins. Co.*, 77 F.4th 1293, 1305 (10th Cir. 2023) (same); *J.H. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 2:23-CV-00460, 2024 U.S. Dist. LEXIS 88824, at *2 (D. Utah May 16, 2024) (unpublished) (same); *Brian J. v. United Healthcare Ins. Co.*, 667 F. Supp. 3d 1124, 1130–32 (D. Utah 2023) (same).

[28] 833 F.3d 1299 (11th Cir. 2016).

[29] *Id.* at 1302.

benefits.[30]  The district court granted summary judgment to the insurer, relying in part on the record of the external review.[31]

On appeal, the claimant argued the external review should have been excluded from the administrative record because the administrative record closed when the insurer issued its adverse determination.[32]  The Eleventh Circuit disagreed.  The court reasoned that because the external reviewer's decision was binding on the insurer under the terms of the plan, the insurer's "ultimate decision on [the claimant's] claim would not have been made until after [the insurer] received the external review."[33]  In other words, where the insurer "would have been obligated to provide coverage" if the external review declared the treatment necessary, the external review necessarily "informed [the insurer's] ultimate decision to deny benefits."[34]  The court also found the external review record properly before the district court "as a matter of fairness and reasonable expectations" where the plan provided that the external appeal decision would be admissible in any court proceeding.[35]

---

[30] *Id.*

[31] *See id.*

[32] *See id.* at 1312–13.

[33] *Id.* at 1313.

[34] *Id.* at 1312–13.

[35] *Id.* at 1313.

*Alexandra* is instructive here. As in *Alexandra*, Plaintiffs' external appeal was binding on Cigna under the terms of the plan.[36] Because of this, Cigna was obligated to provide coverage if the external reviewer overturned its decision that a service was not medically necessary.[37] (And the external reviewer did partially overturn Cigna's denial of coverage.)[38] This means Cigna could not have made its final decision on the claim until after receiving the external review results.[39] Accordingly, the external review necessarily informed Cigna's ultimate decision to deny benefits.[40] To be sure, the insurer in *Alexandra* argued it considered the external review in the sense that it was bound by it,[41] whereas Cigna denies considering Plaintiffs' external review submissions

---

[36] (*See* Plan 97, Doc. No. 20-1 ("The External Appeal Agent's decision is binding on both you and us.").)

[37] (*See id.* ("If the External Appeal Agent overturns our decision that a service is not Medically Necessary . . . we will provide coverage subject to the other terms and conditions of this Certificate.").)

[38] (*See* Compl. ¶ 44, Doc. No. 1.)

[39] The fact that Cigna expressly reserved the right to change its decision based on filings submitted to the external reviewer further illustrates that Cigna's decision was not complete until after the external review. (*See* Plan 96, Doc. No. 20-1 (calling for the external appeal agent to share any material change in information with Cigna "in order for us to exercise our right to reconsider our decision").)

[40] *See Alexandra H.*, 833 F.3d at 1312–13; (*see also* Plan 96, Doc. No. 20-1 ("If the External Appeal Agent determines that the information you submit represents a material change from the information on which we based our denial, the External Appeal Agent will share this information with us in order for us to exercise our right to reconsider our decision.").)

[41] *See Alexandra H.*, 833 F.3d at 1313 ("[The insurer] contends that it did consider the external review because [the insurer] would have been required by the benefits plan to reverse its denial decision if the external review had so found.").

despite also being bound by the external review.[42] Either way, the external reviewer considered the submissions, and the external reviewer's decision was binding on Cigna just like it was binding on the insurer in *Alexandra*. Where the external review informed Cigna's ultimate decision—in that Cigna was required to comply with the reviewer's finding—it is immaterial whether Cigna actually reviewed the documents in dispute.

Finally, although Cigna argues Plaintiffs did not submit the documents directly to Cigna, it is Cigna's responsibility to compile the administrative record. Cigna cannot stack the deck by unilaterally choosing not to compile documents generated in the course of the benefits decision.[43] Where the external reviewer partially overturned Cigna's denial of coverage,[44] judicial review of Cigna's benefits decision would be impracticable without access to the record of the external appeal.[45] As in *Alexandra*, the plan here provides that the external reviewer's decision "is admissible in any court proceeding,"[46] bringing the external review record before the district court "as a matter

---

[42] (*See* Opp'n 1, Doc. No. 25.)

[43] *See Walker*, 338 F.R.D. at 661 ("Otherwise, ERISA plan administrators could cherry-pick evidence that supports the denial of a claim when compiling the administrative record—and all but guarantee victory in every ERISA benefits case . . . ."); *cf. Alexandra H.*, 833 F.3d at 1313 ("The inclusion of the external appeal in the record cannot depend on which party it benefits.").

[44] (*See* Compl. ¶ 44, Doc. No. 1.)

[45] Where Cigna agreed to provide coverage if the external reviewer overturned its denial of coverage—as happened in part here—the record before the external reviewer is necessary to a full understanding of Cigna's decision. (*See* Plan 97, Doc. No. 20-1.)

[46] (*See* Plan 97, Doc. No. 20-1.)

of fairness and reasonable expectations."[47] The documents Plaintiffs seek to submit are properly part of the administrative record.

## CONCLUSION

In sum, Cigna must include the appeal letter and exhibits in the administrative record, as "relevant" documents under ERISA. Where the external review bound Cigna, these documents informed Cigna's benefits decision, regardless of whether Cigna chose to review them. Accordingly, the administrative record must include Plaintiffs' appeal letter and attached exhibits. Plaintiffs' motion[48] is granted.

DATED this 10th day of March, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[47] *Alexandra H.*, 833 F.3d at 1313.

[48] (Doc. No. 20.)